United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Richard Quilopras, | NO. C 05-04516 JW |
| Petitioner, | **ORDER TO SHOW CAUSE RE: WRIT OF HABEAS CORPUS PETITION** |
| v. | |
| James Yates, Warden, | |
| Respondent. | |

## I. INTRODUCTION

Petitioner, represented by counsel, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his San Mateo County conviction for murder with a firearm enhancement. Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

## II. STATEMENT

A San Mateo County jury convicted Petitioner of murder with a firearm enhancement. On direct appeal, the state appellate court affirmed Petitioner's conviction in 2002. The state supreme court affirmed the conviction in 2004. In 2002, Petitioner was sentenced to 25 to life plus one year in state prison. Petitioner filed the instant federal habeas petition on November 5, 2005.

## III. DISCUSSION

**A.     Standard of Review**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.      Petitioner's Claim**

Petitioner alleges the following claims for federal habeas relief: (1) the trial court erroneously allowed prosecution on aiding and abetting theory where separately tried actual killer was acquitted based upon the testimony of the same key witness; (2) Petitioner's conviction and confinement are unlawful because the trial court refused to inform the jury or to allow Petitioner to inform the jury that Murphy (the actual shooter) was acquitted. This deprived Petitioner of his Sixth Amendment rights by improperly limiting his cross-examination of Dennis Agan (the key witness in the trial) and further deprived Petitioner of his Fifth, Sixth, and Fourteenth Amendment rights to present evidence in his own Defense. Further, the Court of Appeal, in the last reasoned opinion, and the Supreme Court by denying the Petition for review, unreasonably applied controlling United States Supreme Court precedent; (3) Petitioner was convicted in violation of his Sixth Amendment right to the effective assistance of counsel when the court restrict trial counsel from introducing evidence of Murphy's acquittal; (4) Petitioner was convicted in violation of his Sixth Amendment right to confrontation and his Fifth and Fourteenth Amendment rights to Due Process when the trial court permitted Dennis Agan to testify despite the terms of his immunity agreement which required him to testify to the police version of events rather than truthfully; (5) the trial court improperly denied petitioner his right to testify when it ruled that he could be impeached with his prior murder conviction in violation of his Fifth, Sixth and Fourteenth Amendment rights.

In light of these claims, this Court will require Respondent to show cause why the Petitioner's petition for a writ of habeas corpus should not be granted.

## IV.  CONCLUSION

1.  The Clerk shall serve by mail a copy of this Order and the petition and all attachments upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's Orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dated: January 5, 2006

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alison Minet Adams shark@rain.org

California State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA  94102-7004

| | |
|---|---|
| **Dated: January 5, 2006** | **Richard W. Wieking, Clerk** |
| | **By:  /s/ JW Chambers** |
| | **Melissa Peralta** |
| | **Courtroom Deputy** |